IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDGAR ALPIRE SALAZAR,

    Petitioner,

v.                                                                   No. 2:26-cv-00742-KG-LF

TODD LYONS, et al.,

    Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Edgar Salazar's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 7.  For the reasons below, the Court denies the petition.

## I.    *Background*

Petitioner, a 46-year-old native and citizen of Bolivia, entered the United States on a temporary B2 visa in 2001.  Doc. 7 at 2.  He failed to leave the United States at the expiration of his visa and was arrested by Immigration and Customs Enforcement ("ICE") in 2005.  *Id.*  An immigration judge ("IJ") granted him voluntary departure in lieu of removal.  *Id.*  Petitioner again failed to depart the United States voluntarily, and on December 17, 2025, United States Customs and Border Patrol ("CBP") arrested Petitioner at the El Paso International Airport in Texas.  *Id.*  CBP transferred Petitioner to ICE custody, where he has remained since.  He is currently held at the Otero County Processing Center in New Mexico.  Doc. 1 at 1.

Petitioner applied for and received a bond hearing on February 6, 2026.  Doc. 7 at 2.  The IJ denied Petitioner's bond request "as a matter of discretion" because Petitioner failed to "meet his burden of showing that he is not a flight risk."  Doc. 1-3 at 1.  Petitioner "does not intend to

file" an appeal of the IJ's decision because it would be "futile."  Doc. 1 at 9.  *See* Doc. 7 at 71.

The appeal was due on March 9, 2026.  Doc. 1-3 at 2.  Petitioner challenges his detention and

bond denial, arguing that the IJ "failed to evaluate and weigh the totality of the Petitioner's

circumstances."  Doc. 1 at 2.  Petitioner seeks an order from this Court that requires a

"constitutionally compliant bond hearing" under 8 U.S.C. § 1226(a).  *Id.*

In its response, the Government argues that the IJ's denial of Petitioner's bond "was

legally appropriate" and that any argument against the merits of the IJ's decision "would only be

properly raised via an appeal to the Board of Immigration Appeals ("BIA")."  Doc. 7 at 3.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is

"seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89

(2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the

Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."

Noncitizens detained under this second detention regime are "entitled to individualized bond

hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M.

2025).

### III.     Analysis

The Court denies Petitioner's petition, Doc. 1.  Petitioner received a bond hearing on February 6, 2026.  Doc. 7 at 2.  At that hearing, the IJ considered the record and found that Petitioner failed to carry his burden of showing he is not a flight risk and as a matter of discretion.  Doc. 1-3 at 1.  That is all § 1226 requires.  To the extent that Petitioner challenges the IJ's discretionary bond denial, that challenge is properly directed to the BIA.

### IV.     Conclusion

The Court denies the Petition, Doc. 1.  Petitioner's motion for substitution of counsel, Doc. 11, is denied as moot.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.